CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

JUL 21 2009

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| BARBARA T. DONALD, *Plaintiff,* | CIVIL NO. 6:09CV00028 |
| v. | **MEMORANDUM OPINION** |
| BWX TECHNOLOGIES, INC., *Defendant.* | JUDGE NORMAN K. MOON |

This matter is before the Court on the Motion to Dismiss (docket no. 5) filed by Defendant Babcock & Wilcox Nuclear Operations Group, Inc. ("B&W").[1] For the reasons set forth below, I will: (1) grant B&W's Motion to Dismiss Count I of Plaintiff Barbara Donald's Complaint without prejudice to Donald's ability to amend her Complaint within twenty (20) days of the date of entry of this Memorandum Opinion and accompanying Order, and (2) grant B&W's Motion to Dismiss Count III of Donald's Complaint with prejudice.

I. BACKGROUND[2]

Donald is a former employee of B&W, a government contractor that manufactures highly-enriched uranium fuel and other components for use in submarines and aircraft carriers. After passing the requisite skills test and obtaining a security clearance from the federal government, Donald was officially hired by B&W on April 4, 2006 and assigned to work as a Component Clean and Prep Technician in the Clean and

---

[1] As set forth in a preliminary statement in B&W's Answer and Motion to Dismiss, BWX Technologies, Inc. transferred the assets of its Nuclear Operations Division to a new entity – B&W Nuclear Operations Group, Inc. – as of January 11, 2009.

[2] Except where otherwise noted, the facts recited here are derived from Donald's Complaint (docket no. 1). As required in the analysis of dismissal motions, these facts are assumed to be true. *See, e.g., Edwards v. City of Goldsboro,* 178 F.3d 231, 244 (4th Cir. 1999).

1

Prep Department, where she was the only female employee. All workers in the Department were required to wear protective gloves that contained latex. Because Donald had a contact allergy to latex that caused a skin rash, she wore her latex gloves over a pair of cotton gloves, which she alleges the majority of male workers in the Department also used. After just one week on the job, Donald claims she was informed by John Precious, B&W's Human Resources Director, that she was being terminated because of her "disability" – namely, the latex allergy. Precious allegedly told Donald that the plant nurse had determined that the Clean & Prep Department presented an "unsafe environment," and that B&W had no other jobs available for her. According to the Complaint, Precious also rebuffed Donald's suggestions that: (1) she be allowed to work with latex-free gloves, which she could provide at her own expense, or to continue to work with cotton gloves under the latex gloves; (2) Precious seek the opinion of a dermatologist to determine whether using cotton gloves under latex would prevent an allergic reaction; and (3) she be transferred to another position at B&W not requiring contact with latex.

Donald also alleges that, during her week on the job at B&W, she was repeatedly harassed by a male co-worker, who told her that she was "too feminine" and not "manly enough" to perform the manufacturing work that her job required. Donald claims that she complained to her supervisor but was told to just ignore her co-worker's harassing comments.

In light of the events described above, Donald filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging that she was discriminated against and discharged from B&W because of her sex and because she was

"regarded as" disabled. After the EEOC advised Donald of her right to sue, she timely filed her Complaint in this Court, alleging violations of the Americans with Disabilities Act of 1990 (ADA) and sexual harassment and retaliation in violation of Title VII of the Civil Rights Act of 1964. B&W has moved to dismiss Donald's ADA claim on the grounds that: (1) Donald was not "regarded as" disabled under the allegations contained in the Complaint, and (2) individuals who are merely "regarded as" disabled are not entitled to reasonable accommodations under the ADA. B&W has also moved to dismiss the Title VII retaliation claim on the grounds that Donald failed to properly exhaust her administrative remedies with the EEOC.

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint to determine whether the plaintiff has properly stated a claim; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (internal citations omitted). A court need not "accept the legal conclusions drawn from the facts" or "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Markets, Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). "Factual allegations must be enough to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, with all allegations in the complaint taken

3

as true and all reasonable inferences drawn in the plaintiff's favor. *Chao v. Rivendell Woods, Inc.*, 415 F.3d 342, 346 (4th Cir. 2005). Rule 12(b)(6) does "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Consequently, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009).

### III. DISCUSSION

#### A. AMERICANS WITH DISABILITIES ACT

Although Count I of Donald's Complaint is broadly titled "First Cause of Action (ADA)," B&W addresses the Count as two potential causes of action under the ADA: failure to accommodate and discriminatory discharge. While the prima facie elements of the two claims differ, they both require that the plaintiff be "disabled" under the ADA.[3] Consequently, B&W attacks both claims primarily on the grounds that Donald fails to allege sufficient facts to support a plausible conclusion that she has a "disability" within the meaning of the ADA.

The ADA defines "disability" as "a physical or mental impairment that substantially limits one or more major life activities...; a record of such an impairment; or being regarded as having such an impairment." 42 U.S.C. § 12102(2)(A)-(C). An individual may be "regarded as" disabled under the ADA if her employer either

---

[3] To establish a prima facie case for the failure to accommodate, a plaintiff must establish that: (1) she had a *disability* within the meaning of the ADA; (2) the employer knew of the disability; (3) she could perform the essential functions of the position with reasonable accommodation; and (4) the employer refused to make such accommodations. *Rhoads v. F.D.I.C.*, 257 F.3d 373, 387 (4th Cir. 2001). In order to make out a prima facie case of discriminatory discharge, a plaintiff must establish that: (1) she was a "qualified individual with a *disability*"; (2) was discharged; (3) was fulfilling her employer's legitimate expectations at the time of the discharge; and (4) the circumstances of her discharge give rise to a reasonable inference of unlawful discrimination." *Haulbrook v. Michelin N. Am., Inc.*, 252 F.3d 696, 702-03 (4th Cir. 2001) (emphasis added).

4

mistakenly believes that she "has a physical impairment that substantially limits one or more major life activities," or "that an actual, nonlimiting impairment substantially limits one or more major life activities." *Sutton v. United Air Lines*, 527 U.S. 471, 489, 119 S. Ct. 2139, 144 L. Ed. 2d 450 (1999).[4] An employer regards an employee as substantially limited in the major life activity of working if the employer perceives him "to be significantly restricted in his ability to perform either a class of jobs or a broad range of jobs in various classes." *Cline v. Wal-Mart Stores, Inc.*, 144 F.3d 294, 303 (4th Cir. 1998). In other words, "one must be regarded as precluded from more than one particular job." *Murphy v. United Parcel Service*, 527 U.S. 516, 523, 119 S. Ct. 2133, 144 L. Ed. 2d 484 (1999). Under this standard, the allegations in the Complaint, as currently drafted, are insufficient to support a conclusion that B&W "regarded" Donald as disabled within the meaning of the ADA. Although Precious allegedly told Donald that she was being terminated due to her "disability" and that there were no other available positions at B&W, those facts, without more, do not support a conclusion that B&W perceived Donald to be significantly restricted in her ability to perform a class of jobs or a broad range of jobs in various classes. At most, the allegations support a conclusion that B&W regarded Donald as limited in her ability to perform her assigned job at B&W as a result of her latex allergy. Accordingly, I will grant B&W's Motion to Dismiss Count I of Donald's Complaint, but without prejudice to Donald's ability to amend her Complaint

---

[4] "[M]ajor life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C. § 12102(2).

within twenty (20) days of the date of entry of this Memorandum Opinion and accompanying Order.[5]

B. TITLE VII RETALIATION

"Before a plaintiff has standing to sue under Title VII, he must exhaust his administrative remedies by filing a charge with the EEOC." *Bryant v. Bell Atlantic Maryland, Inc.*, 288 F.3d 124, 132 (4th Cir. 2002). While allegations in an administrative charge do not strictly limit the Title VII suit that may follow, a plaintiff's claims in her judicial complaint must be "reasonably related to her EEOC charge and… expected to follow from a reasonable administrative investigation" into the charge. *Smith v. First Union Nat'l Bank*, 202 F.3d 234, 247-48 (4th Cir. 2000).

Donald's EEOC charge, filed on October 28, 2006, states, in pertinent part:

I. I began my employment on April 4, 2006 as a full time Component Clean & Prep Technician. During the period April 5, 2006 through April 10, 2006, I was harassed by a male employee who repeatedly claimed that the job was not for a female. On April 5, 2006, I provided notice of my non-disabling condition. Thereafter, I was regarded as disabled and on April 11, 2006, I was discharged.

II. The reason John Precious, Human Resources Director, gave me for my discharge was unsafe working conditions for me, considering my condition.

III. I believe that I was harassed and discharged because of my sex, female, in violation of Title VII of the Civil Rights Act of 1964, as amended, and I was discharged in violation of the Americans with Disabilities Act of 1990.

B&W argues that Donald's retaliation claim should be dismissed because the EEOC charge fails to allege retaliation and is not reasonably related to the claims of sex

---

[5] There is a split among circuit courts as to whether an employee who is "regarded as" disabled is entitled to a reasonable accommodation under the ADA. Compare *Kaplan v. City of North Las Vegas*, 323 F.3d 1226, 1231 (9th Cir. 2003) (noting that "the weight of circuit authority disfavors interpreting the ADA to require accommodation for 'regarded as' plaintiffs") with *Kelly v. Metallics West, Inc.*, 410 F.3d 670, 675-76 (10th Cir. 2005) (rejecting the reasoning of *Kaplan* and holding that an employee "regarded as" disabled is entitled to reasonable accommodation under the ADA). The Fourth Circuit has not ruled on this question. See *Bateman v. American Airlines, Inc.*, 2009 U.S. Dist. LEXIS 32250, at *29 (E.D. Va. Mar. 3, 2009). Because Donald has yet to sufficiently plead that she was "regarded as" disabled under the ADA, I decline to address the question of whether a "regarded as" plaintiff is entitled to reasonable accommodation at this juncture.

6

and disability discrimination identified in the charge. Donald, on the other hand, contends that the EEOC could have reasonably been expected to investigate whether she was fired in retaliation for speaking out against the harassment by her male co-worker. I disagree. Nowhere on the EEOC charge does Donald state that she complained to her supervisor about her co-worker's harassing conduct or that anyone in Human Resources at B&W even knew of the co-worker's conduct. Donald alleges on the charge that she was harassed and discharged because of her sex and her disability, but not for any reason related to her complaints of harassment. Furthermore, Donald checked the boxes identifying discrimination based on sex and disability on the EEOC charge but failed to check the box labeled "retaliation."

The facts of Donald's case are even weaker than those at issue in *Miles v. Dell, Inc.*, where the Fourth Circuit affirmed a district court order granting summary judgment against a plaintiff who failed to properly exhaust her administrative remedies on a retaliation claim in similar circumstances. 429 F.3d 480, 492 (2005). In that case, the plaintiff alleged in her judicial complaint that she was fired in retaliation for complaining about sex and pregnancy discrimination at the hands of her immediate supervisor. *Id.* at 485. In her EEOC charge, the plaintiff noted that she had complained to one of her supervisor's bosses and that her supervisor, after firing her, said "So, what do you think of me now?" *Id.* Nevertheless, the Fourth Circuit agreed with the district court that a retaliation claim could not be reasonably expected to flow from an EEOC investigation into the allegations contained in the EEOC charge. *Id.* at 492. Specifically, the court relied on the fact that: (1) the charge failed to state that the plaintiff had complained about *discrimination* and did not state that the supervisor who committed the discrimination

7

was aware of the employee's complaint; (2) the employee did not check the box labeled "retaliation" on the EEOC form; and (3) the EEOC charge did not otherwise put the employer on notice that the employee would be bringing a retaliation claim. *Id.*[6] Like the plaintiff in *Miles*, Donald failed to check the "retaliation" box on the EEOC charge, failed to mention complaining about discrimination to her supervisors, and failed to otherwise put B&W on notice that she would be bringing a retaliation claim. Given the Fourth Circuit's application of the exhaustion requirement in *Miles*, I cannot hold that Count III is "reasonably related" to Donald's EEOC charge. I will therefore grant B&W's Motion to Dismiss Count III of Donald's Complaint with prejudice in a separate Order to follow.

## IV. CONCLUSION

Because Donald fails to allege sufficient facts to support a plausible conclusion that she was "regarded as" disabled under the ADA, I will grant B&W's Motion to Dismiss Count I without prejudice to Donald's ability to amend her Complaint within twenty (20) days of the date of entry of this Memorandum Opinion and Order. I will grant B&W's Motion to Dismiss Count III of Donald's Complaint with prejudice, as Donald failed to properly exhaust her administrative remedies on a claim of retaliation with the EEOC.

The Clerk of the Court is hereby directed to send a certified copy of this Memorandum Opinion and the accompanying Order to all counsel of record.

Entered this 21st day of July, 2009.

---

[6] Five months after filing the EEOC charge, the plaintiff's lawyer also sent a letter to the EEOC stating her intent to state a complaint for retaliation. The court viewed the letter as "insufficient to meet the administrative exhaustion requirement." *Id.* at 492.

8

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE